**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DUANE H., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:19-CV-138-JVB-SLC |
| | ) | |
| ANDREW SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1] filed on March 1, 2019, and on Mr.

[H.]'s Brief in Support of Complaint [DE 17] filed on August 7, 2019. Both documents were filed

by Plaintiff Duane H. The Court referred this case to Magistrate Judge Susan Collins for a report

and recommendation under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and

Local Rule 72-1. [DE 14]. Judge Collins issued her Report and Recommendation on January 30,

2020, recommending that the decision of the Administrative Law Judge (ALJ) be affirmed.

Plaintiff filed objections on February 27, 2020. The Commissioner did not file a response. For the

reasons stated below, the Court grants the relief requested in the Complaint and remands this matter

for further administrative proceedings.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct

hearings and submit proposed findings of fact and recommendations for disposition of dispositive

motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's

report. *Id.* at § 636(b)(1). "A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made." *Id.* Portions of the report to which there is no objection are reviewed for clear error.

*Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Plaintiff objects to the entirety of Judge Collins's Report and Recommendation, so the Court reviews this matter de novo.

## ANALYSIS

Plaintiff makes four arguments for reversing the decision of the Commissioner of Social Security to deny Plaintiff's claim for disability insurance benefits. Three of the arguments contest the substance of the ALJ's decision. The fourth argument is that the ALJ was not properly appointed, thus violating the Appointments Clause of the United States Constitution. Because the Court finds the constitutional issue to be dispositive, the Court addresses that argument only.

In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Court held that the SEC's ALJs were "Officers of the United States" within the meaning of the Appointments Clause and, consequently, that those ALJs must be appointed by the President, a court of law, or the head of a department. *Id.* at 2051; *see also* U.S. Const. art. II, § 2, cl. 2. Plaintiff argues that, like the SEC's ALJs, the ALJs of the Social Security Administration are officers that must be appointed pursuant to the Appointments Clause. Because the ALJ that held the administrative hearing in Plaintiff's case was not appointed pursuant to that clause, Plaintiff asserts that remand is required.

The Commissioner argues only that Plaintiff did not timely raise his argument regarding the ALJ's appointment. That is, the Commissioner does not argue that Plaintiff's argument should fail on the merits; the Commissioner's argument is that the issue was not timely raised.

Many courts have considered the issue of the timeliness of an Appointments Clause challenge to a Social Security Administration ALJ, and the courts' conclusions are not uniform. It appears that the majority view is that a social security claimant must raise the Appointments Clause

argument at the administrative level before raising the argument in court. *See Berns v. Saul*, No. C18-2068, 2020 WL 1330432, at *7 (N.D. Iowa Mar. 23, 2020) (collecting cases); *Lincoln G. v. Saul*, No. 18-CV-585, 2020 WL 1318794, at *6 (N.D. Okla. Mar. 2020) ("The courts reviewing Social Security decisions where the Appointments Clause issue has been raised mostly find that the issue was forfeited because it was not raised before the Social Security Administration."). However, both the only decision to date on this issue from a circuit court and a recent decision from this district conclude that the issue does not need to be raised at the administrative level. *See Cirko ex rel. Cirko v. Comm'r of Social Security*, 948 F.3d 148 (3d Cir. 2020); *Hoot v. Saul*, No. 1:18-cv-296-RLM-SLC (N.D. Ind. Mar. 23, 2020) (slip op.).

As the Commissioner identifies, the *Lucia* Court held that a party "who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S.Ct. at 2055. Here, the timeliness question turns on whether issue exhaustion is required at the administrative level in social security cases.

The Court first looks to whether issue exhaustion is required by statute or regulation; then, if needed, the Court determines the matter in its discretion. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." (citations omitted)). The Commissioner argues that issue exhaustion is supported by the regulations codified at 20 C.F.R. §§ 404.933(a)(2), 404.939, 404.940, 404.946(b), 416.1433(a)(3), 416.1439, 416.1440, and 404.924, 416.1424. However, the Supreme Court in *Sims v Apfel*, found that issue exhaustion was not required by any of the Social Security Administration's regulations, and the only amendments to the above regulations post-*Sims* do not touch on the question of issue exhaustion.

530 U.S. 103, 108 (2000); *Hoot*, No. 1:18-cv-296, at 4. Thus, this is a question for sound judicial discretion.

The Commissioner argues that *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952), and *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012), and several other cases (in which the Social Security Administration did not handle the matter administratively) stand for the proposition that arguments not made at the agency level are waived.

"The basis for a judicially imposed issue-exhaustion requirement is an analogy to the rule that appellate courts will not consider arguments not raised before trial courts." *Sims*, 530 U.S. at 108-09. Thus, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." *Id.* at 109. Thus, *Sims*, in which the Commissioner of the Social Security Administration was the defendant, is more instructive than *L.A. Tucker Truck Lines*, *Elgin*, or the Commissioner's other cited cases.[1]

Adversarial administrative proceedings provide the greatest rationale for requiring issue exhaustion at the administrative level. *Sims*, 530 U.S. at 110. However, in *Sims*, four justices noted that "Social Security proceedings are inquisitorial rather than adversarial," and the ALJ has the "duty to investigate the facts and develop the arguments." *Id.* at 110-11 (plurality opinion). Therefore, "the reasons for a court to require issue exhaustion are much weaker." *Id.* at 110 (majority opinion). Social Security administrative hearings before ALJs are considerably different than normal adversarial litigation, so this weak analogy provides little reason to require issue exhaustion.

---

[1] Though the holding of *Sims* is not directly on point, as the question ultimately decided there was that issue exhaustion was not required at the agency appellate level and here the question is whether the issue needed to be raised at the agency hearing level, the directive to look at the nature of the administrative proceeding at issue guides this Court's analysis.

The traditional purposes of requiring exhaustion at the administrative level are to protect the authority of the administrative agency and to promote judicial efficiency. *McCarthy*, 503 U.S. at 145. Protecting agency authority is based on the idea that, once Congress delegates authority to agencies, the "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.* Accordingly, this interest is strongest "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.*

In the case at bar, this interest is low. The issue is whether the Appointments Clause was violated, which is not a matter of the Social Security Administration exercising its discretionary power or applying its special expertise. *See also Cirko*, 948 F.3d at 153 ("[E]xhaustion is generally inappropriate where a claim serves to vindicate structural constitutional claims like Appointments Clause challenges, which implicate both individual constitutional rights and the structural imperative of separation of powers." (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536–37 (1962)).

Exhaustion promotes judicial efficiency by giving the agency the opportunity to correct its errors (thereby removing the need for an appeal) and by creating a record for use on appeal. *McCarty* 503 U.S. at 145. Here, however, it is unclear how the ALJ would have been able to act on Plaintiff's challenge to the ALJ's own authority to rule on Plaintiff's claims. It is similarly unlikely that the Appeals Council would have taken any action on Plaintiff's constitutional challenge. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976) ("It is unrealistic to expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context."). Additionally, this is not a matter in which a fuller record would help the Court's analysis.

The Commissioner argues that there is an additional efficiency interest in requiring issue exhaustion, as many claims are brought before the Social Security Administration, and "[r]emanding to SSA thousands of previously decided claims . . . would further burden an already-stressed system and add even more months to the wait times for first-time claimants." (Resp. 25, ECF No. 18). The Commissioner provides no clarification on how he concluded that not requiring issue exhaustion on this constitutional challenge would lead to "thousands" of cases being remanded to the agency. Given the age of the *Lucia* decision and the sixty day deadline to appeal a social security final decision, the Court agrees with the Third Circuit that "the purported flood is actually a trickle" and whatever number of cases actually end up being remanded to the agency due to not requiring issue exhaustion are "a drop in the bucket relative to the thousands of claims that the SSA has voluntarily ordered (and thus apparently has the resources enabling) the Appeals Council to review." *Cirko*, 948 F.3d at 159.

In balancing Plaintiff's interest in judicial resolution of his Appointments Clause challenge against the agency's interest in issue exhaustion, *see McCarthy*, 503 U.S. at 146, the Court finds Plaintiff's interest to win the day. The Social Security Administration has set up an inquisitorial administrative process, not an adjudicative one. This inquisitorial posture runs counter to requiring social security claimants to investigate and develop their own arguments, as that is the duty of the ALJ under this framework. *Sims*, 530 U.S. at 110-11 (plurality opinion). Accordingly, the system is set up in a way that did not give Plaintiff notice of the need to investigate such issues when his claims were working their way through the administrative process. The issue is not one that was delegated to the agency or one that is particularly within its expertise, and, despite the Commissioner's protestations to the contrary, not requiring issue exhaustion will not create a large burden by increasing the remand caseload. Issue exhaustion is not required.

Having resolved that question, the Court turns to the merits of Plaintiff's challenge. On July 16, 2018, the Acting Commissioner ratified the appointment of all previously hired ALJs. *See* Social Security Emergency Message (EM) 18003 REV 2, § B, *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). Also, the Solicitor General stated that much of the reasoning of *Lucia* applies to ALJs who preside over non-adversarial proceedings, DOJ Memo Re:Guidance on Administrative Law Judges after Lucia v. SEC (S. Ct.), 3, *available at* https://static.reuters.com/resources/media/editorial/20180723/ALJ--SGMEMO.pdf. In light of (1) the above actions by the then-Acting Commissioner and the Solicitor General, (2) the holding of *Lucia*, (3) the Commissioner's lack of argument that his ALJ's are not officers, and (4) the ALJ's authority to conduct hearings, take testimony, receive and weigh evidence, and issue decisions, the Court concludes that Social Security ALJs are officers whose appointments are governed by the Appointments Clause. Because the ALJ who oversaw Plaintiff's hearing was not appointed pursuant to that clause, remand is required for a new hearing before a different ALJ. *See Lucia*, 138 S.Ct. at 2055.

## CONCLUSION

Based on the foregoing, the Court hereby **REJECTS** the Report and Recommendation [DE 22], **GRANTS** the relief requested in Mr. [H.]'s Brief in Support of Complaint [DE 17] and in Plaintiff's Objection to the Magistrate's Report and Recommendation [DE 25], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this case for further proceedings before a different, properly appointed ALJ.

SO ORDERED on March 27, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT